**MOHEN COOPER LLC**
Andrew Cooper (AC6512)
Kenneth S. Kast (KK9354)
500 North Broadway, Suite 133
Jericho, NY 11753
T: (516) 280-8600
F: (212) 485-1537

*Attorneys for Defendants, Nancy J. Krosser,*
*Adam J. Krosser, Sherman Specialty Inc.,*
*d/b/a The WowLine, and Sherman Specialty LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DYNAMITE MARKETING, INC.,

               Plaintiff,

      -against-

THE WOWLINE, INC., NANCY J. KROSSER,
ADAM J. KROSSER, individually and d/b/a
www.wowline.com, SHERMAN SPECIALTY INC,
SHERMAN SPECIALTY LLC,
WWW.SUPERIORPROMOS.COM,
WWW.USIMPRINTS.COM,
WWW.4ALLPROMOS.COM, UNKNOWN
WEBSITES 1-10, VARIOUS JOHN DOES 1-10, and
UNKNOWN ENTITIES 1-10,

               Defendants.

CIVIL ACTION

2:19-cv-03067-JMA-AYS

**ANSWER WITH**
**AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**

      **PLEASE TAKE NOTICE THAT** Defendants, Sherman Specialty Inc. (the "Sherman

Corp."), which does business as The WowLine (erroneously sued herein as The WowLine,

Inc.),[1] and Sherman Specialty LLC ("Sherman LLC") (Sherman Corp. and Sherman LLC are

collectively referred to hereafter as the "Defendants"), through their attorneys, Mohen Cooper

---

[1] Given that The WowLine and Sherman Corp. share the same legal existence, as the WowLine
is an assumed name of Sherman Corp., responses herein by Sherman Corp. shall apply equally to
The WowLine, Inc.

LLC, as and for their Answer to the Complaint of Plaintiff, Dynamite Marketing, Inc.

("Plaintiff"), hereby allege as follows:

## STATEMENT OF THE CASE

Plaintiff's Statement of the Case requires no response from Defendants.  To the extent a response is required, the statements contained in this section constitute legal conclusions to which no response is required.  Furthermore, to the extent the Statement of the Case infers wrongdoing, in any manner, whether in law, equity or otherwise, by Defendants, such statements are unequivocally denied.  Defendants further deny that the patent was lawfully or validly issued or that they are infringing on Plaintiff's patent, trademark, or any other rights recognized at law or equity.  As to the remaining allegations, Defendants deny knowledge and information sufficient to confirm or deny the truth of the statements and, on that basis, deny the allegations.

## SUBJECT MATTER JURISDICTION AND VENUE

### Subject Matter Jurisdiction

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required, and, on that basis, Defendants deny the allegations.  To the extent an answer is required, Defendants admit that this Court has jurisdiction over claims for patent and trademark infringement pursuant to 28 U.S.C. § 1331 and 1338(a) and 15 U.S. Code § 1121, and unfair competition pursuant to 28 U.S.C. § 1121(a)

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required, and, on that basis, Defendants deny the allegations.

**Venue**

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants do not contest that venue is proper in this District, and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations and, on that basis, deny the allegations.

## PARTIES AND JURISDICTION

4.      Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and, on that basis, deny the allegations.

5.      Defendants deny that the patent referenced was fully and legally issued, and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations contained in Paragraph 5 of the Complaint and, on that basis, deny the allegations.  Defendants further state that the document referenced in Paragraph 5, and attached to the Complaint, speaks for itself and no response is required to those allegations.

6.      Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and, on that basis, deny the allegations. Defendants further state that the document referenced in Paragraph 6, and attached to the Complaint, speaks for itself and no response is required to those allegations.

7.      Paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on Plaintiff's patent, trademark, trade dress or any other rights recognized at law or equity, except Sherman Corp. admits it does business through www.wowline.com, and that some of such business occurs in this District.

3

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 9 of the Complaint, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest, whether patent or trademark, except Sherman Corp. admits it owns and controls the domain www.wowline.com.

10.     The WowLine Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, except Sherman Corp. and Sherman LLC admit that they are companies registered to do business and are actually doing business in the State of New York and in this District.

12.     Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise, except Sherman Corp. admits it sells an 18-part tool in commerce.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise.

4

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations and, on that basis, deny the allegations.

## STATEMENT OF CLAIM

15.     Defendants deny information and sufficient to confirm the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, on that basis, deny the allegations.

16.     Defendants deny that Plaintiff's design of a credit card sized 18-part tool was "unique, novel and distinct… in or around the year 2013," and deny information and sufficient to confirm the truth or falsity of the remaining allegations contained in Paragraph 16 of the Complaint and, on that basis, deny the allegations.

17.     Defendants deny that the referenced design patent was fully and legally issued, and deny information and sufficient to confirm the truth or falsity of the remaining allegations contained in Paragraph 17 of the Complaint and, on that basis, deny the allegations.

18.     Defendants deny that the design of the referenced credit card sized 18-part tool was "unique, novel and distinct," that the referenced design patent was fully and legally issued, and deny information and sufficient to confirm the truth or falsity of the remaining allegations contained in Paragraph 18 of the Complaint and, on that basis, deny the allegations.

19.     Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and, on that basis, deny the allegations.

20.     Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that

Defendants are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise, except Sherman Corp. admits it sells an "18-in-1 Credit Card Sized Tool".

21.     Defendants deny the allegation that Plaintiff's product is "unique" or "distinct," and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations in Paragraph 21 of the Complaint and, on that basis, deny the allegations.

22.     Paragraph 22 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

23.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including those related to "distinctive" or "innovative."

24.     Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing the alleged trademark or on any other purported Plaintiff interest, except Sherman Corp. admits that Plaintiff has previously contacted it alleging unlawful infringement.

25.     Defendants deny the allegations concerning "creative," "new," and "distinct," or any other allegation that could be construed to make Plaintiff's purported design patent protectable under any legal or equitable theory or right, and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations in Paragraph 25 of the Complaint and, on that basis, deny the allegations.

26.     Paragraph 26 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Sherman Corp. admits it sells an "18-in-1 Credit Card Sized Tool".  Defendants deny the remaining allegations concerning illegality, wrongdoing

in any manner or any other allegations that would make them liable to the Plaintiff for the relief sought in the Complaint, and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations and, on that basis, deny the allegations.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Sherman Corp. admits that the product appearing under the title "Defendant's Knock Off Tool" resembles a product sold by Sherman Corp., but otherwise deny the allegations characterizing this product as a knock off or in any way an infringement on any Plaintiff interest, whether patent, trademark, trade dress or otherwise. Sherman LLC denies the allegations in toto.

28.     Paragraph 28 of the Complaint contains legal conclusions and other allegations that require no response.  To the extent an answer is required, Defendants deny the allegations.

29.     Paragraph 29 of the Complaint contains legal conclusions, requests for relief, and other allegations that require no response.  To the extent an answer is required, Defendants deny the allegations.

30.     Paragraph 30 of the Complaint contains legal conclusions, requests for relief, and other allegations that require no response.  To the extent an answer is required, Defendants deny the allegations.

## COUNT I

### Design Patent Infringement (Infringement of the D' 877 Patent)

31.     Paragraph 31 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

32.     Defendants deny that the referenced design patent (D'877) was fully and legally issued, and deny information and belief sufficient to confirm the truth or falsity of the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and, on that basis, deny the allegations.   Defendants further state that the document referenced in Paragraph 33, and attached to the Complaint, speaks for itself and no response is required to those allegations.

34.     Sherman Corp. denies the allegations in Paragraph 34 of the Complaint, except admits that the items referenced in this Paragraph appear to be items at least similar to those it had sold.  Sherman LLC denies the allegations.

35.     Paragraph 35 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Sherman Corp. denies the allegations, including that the referenced design patent was fully and legally issued, that they are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise, or that Sherman Corp. needed authorization from Plaintiff to sell its products.  Sherman LLC denies the allegations that would make it liable to the Plaintiff for the relief sought in the Complaint and, on that basis, denies the allegations.

38.     Paragraph 38 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

39.     Paragraph 39 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

40.     Paragraph 40 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required.  Defendants further state that the document referenced in Paragraph 41 speaks for itself and no response is required to those allegations.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

45.     Paragraph 45 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

46.     Paragraph 46 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

47.     Paragraph 47 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

48.     Paragraph 48 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that the referenced design patent was fully and legally issued or that Defendants are infringing on any Plaintiff interest.

## COUNT II

### Trademark Infringement (Infringement of the WALLET NINJA Trademark Reg. No. 4, 532, 869)

49.     Paragraph 49 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations and, on that basis, deny the allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Sherman Corp. deny the allegations, including that it needed authorization from Plaintiff to sell any of its products.  Sherman LLC denies the allegations that would make it liable to the Plaintiff for the relief sought in the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

55.     Paragraph 55 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

56.     Paragraph 56 of the Complaint contains legal conclusions and/or requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

## COUNT III

### Trade Dress Infringement/Unfair Competition
### 15 U.S.C. § 1125

57.     Paragraph 57 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

58.     Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations in Paragraph 58 of the Complaint and, on that basis, deny the allegations.

59.     Defendants deny the allegations Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Sherman Corp. denies the allegations, including that it needed authorization from Plaintiff to sell any of the products sold by Sherman Corp. Sherman LLC denies the allegations in toto.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

68.     Paragraph 68 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny information and belief sufficient to confirm the truth or falsity of the allegations in and, on that basis, deny the allegations.

69.     Paragraph 69 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

72.     Paragraph 72 of the Complaint contains legal conclusions and requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

## COUNT IV

### Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

73.     Paragraph 73 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny that any of Plaintiff's purported trademark is distinct, whether inherent or acquired, or is otherwise protectable, and otherwise deny information and belief sufficient to confirm the truth or falsity of the remaining allegations and, on that basis, deny the allegations.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny that any of Plaintiff's purported trademark is distinct, whether inherent or acquired, and otherwise deny information and belief sufficient to confirm the truth or falsity of the remaining allegations and, on that basis, deny the allegations.

76.      Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that they are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise.

77.      Paragraph 77 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that they are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise.

78.      Paragraph 78 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations, including that they are infringing on any Plaintiff interest, whether patent, trademark, trade dress or otherwise.

79.      Paragraph 79 of the Complaint contains legal conclusions and requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

## COUNT V

### Common Law Trademark Infringement and Trade Dress Infringement
### NY State, NY GBL § 360-k

80.      Paragraph 80 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

81.      Paragraph 81 of the Complaint reiterates the prior Complaint allegations and this part of the Paragraph requires no response.  This Paragraph also contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

82.      Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

14

83.     Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny that any of Plaintiff's purported trademark is distinct, whether inherent or acquired, deny that they are infringing on the alleged trademark, and otherwise deny information and belief sufficient to confirm the truth or falsity of the remaining allegations and, on that basis, deny the allegations.

84.     Paragraph 84 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

85.     Paragraph 85 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

87.     Paragraph 87 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

92.     Paragraph 92 of the Complaint contains legal conclusions and requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

94.     Paragraph 94 of the Complaint contains legal conclusions and requests for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

## COUNT VI

### Unjust Enrichment

95.     Paragraph 95 of the Complaint reiterates the prior Complaint allegations and, as such, requires no response.

96.     Paragraph 96 of the Complaint contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants deny all of Plaintiff's relief demands as against Defendants and respectfully request judgment in their favor.

## JURY DEMAND

No response is required to Plaintiff's Jury Demand.

## AFFIRMATIVE DEFENSES

Without assuming any burdens they would not otherwise bear, Defendants assert the following affirmative defenses.  Defendants reserve the right to amend or supplement their affirmative defenses:

1.     **Non-Infringement.**  Defendants do not infringe any valid and enforceable claim concerning the referenced design patent and trademark.  Defendants neither induced nor contributed to the infringement of any valid and enforceable claim.

2.     **Inequitable Conduct/Fraud.**  If Plaintiff's baseless patent infringement allegations against Defendants are accepted – or even if the interpretation of the claims Plaintiff rely on is within the broadest reasonable construction of the infringement claim – then the referenced patent is unenforceable due to Plaintiff's inequitable/fraudulent conduct.  During prosecution of the referenced design patent, upon information and belief, Plaintiff engaged in a troubling pattern of withholding material and relevant information in an effort to deceive the U.S. Patent and Trademark Office ("USPTO") into issuing protection to Plaintiff's product that it was not the first to invent.  This concerted practice of withholding prior art references from the USPTO violates the duty of candor and good faith before the USPTO and constitutes inequitable conduct, rendering the referenced patent unenforceable in its entirety.

3.     **Failure to State a Claim.**  Plaintiff is barred from recovery from some or all of the claims asserted against Defendants, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

4.     **Lack of Harm.**  Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

5.      **Lack of a Likelihood of Confusion.**  Plaintiff's claims are barred, in whole or in part, because the acts or omissions of Defendants are not likely to cause confusion or mistake, or to deceive, with respect to Plaintiff's purported patent and trademark.  The accused products and services are not similar to those that are claimed by Plaintiff in its patent and trademark registration or similar to products or services that are marketed by Plaintiff.

6.      **Lack of Secondary Meaning.**  Plaintiff's asserted trademark lacks secondary meaning.

7.      **No Capacity to be Sued.**  The WowLine (erroneously sued herein as The WowLine, Inc.) is an assumed name of Sherman Corp. and holds no independent existence from Sherman Corp.  Under these circumstances, there is no cause of action, whether in law or equity, that may be maintained against The WowLine, and the Complaint must be dismissed against this non-entity.

8.      **Limitation on Damages.**  In the event that Defendants are found to infringe on any valid and enforceable claims, any damages are limited by law, including 35 U.S.C. §§ 252, 286, 287, and 288.

9.      **No Trademark Infringement.**  Defendants have not infringed on Plaintiff's actual or alleged trademark under federal or state law.  The evidence will reveal that Plaintiff's allegations of infringement are without factual support.  The accused application alleged in the Complaint does not constitute use of "WALLET NINJA" as a trademark, is not used as a designation of the accused goods, and is not otherwise trademark infringement.  The accused goods are not similar to the goods claimed by Plaintiff in its alleged trademark registration or similar to products that are marketed by Plaintiff.

10. **Failure to Prove Causation and/or Harm.**  Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants' acts or omissions concerning the accused products.  There is no evidentiary support that any action by Defendants caused damage to Plaintiff.  To the contrary, there is no evidence of: (1) any confusion causing a loss of business to Plaintiff; or (2) any client or prospective client purchasing the accused products instead of purchasing Plaintiff's alleged product as a result of confusion.

11. **No Injunctive or Equitable Relief.**  Plaintiff's claims for equitable/injunctive relief are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm.  Plaintiff cannot show actual confusion, or any interference with its business, sales, or otherwise stemming from the alleged confusion, infringement, or unfair competition, by Defendants.  Plaintiff has not provided a justifiable basis to determine that it will suffer irreparable harm based on any conduct by Defendants.

12. **Lack of Willful or Intentional Infringement.**  Defendants' conduct is not, and was not at any time, willful or intentional and, thus, Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith at all times and infringement, if any, was innocent.

13. **Unclean Hands, Laches, Estoppel.**  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, and/or estoppel.  Plaintiff has engaged in wrongful, unconscionable, and inequitable conduct regarding its alleged patent and/or trademark registration and assertions of infringement.

14. **Reservation.**  Defendants reserve all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or equity, that may not exist or in the future be available based on discovery and other factual investigation of this case.  Defendants reserve the right to amend this Response to assert other defenses as this action proceeds.  Defendants deny each and

every allegation in the Complaint, except as expressly admitted or qualified above.  Defendants

pray that the Complaint be dismissed with prejudice, that the Court enter judgment in favor of

Defendants against Plaintiff, and that the Court award Defendants such other relief as the Court

deems just and proper.

## COUNTERCLAIMS

Without admitting any of the allegations of Dynamite Marketing, Inc. ("Counterclaim

Defendant") other than those expressly admitted above, and without prejudice to the right of

Sherman Corp. and Sherman LLC to plead additional Counterclaims as the facts of the matter

warrant, Sherman Corp. and Sherman LLC ("Counterclaim Plaintiff") hereby assert the

following Counterclaims against Counterclaim Defendant.

## NATURE OF THIS ACTION

1.      These counterclaims arise from Counterclaim Defendant's baseless and harassing

allegations of infringement of U.S. Design Patent Registration No. D751, 877 ("D'877 patent").

These infringement allegations are made with complete disregard to the plain language of the

claims, the patent specifications, and the arguments Counterclaim Defendant made to the

USPTO regarding the scope of the claims in order to gain issuance of the D'877 patent.

2.      Counterclaim Defendant also brought this lawsuit knowing that the D'877 patent

is both invalid and unenforceable for being obtained by fraud.  Counterclaim Defendant engaged

in a troubling pattern of withholding relevant, material information to deceive the USPTO into

issuing claims covering designs that Counterclaim Defendant was not the first to invent.  This

concerted practice of withholding relevant prior art references from the USPTO constitutes

inequitable conduct and renders the D'877 patent invalid and unenforceable in its entirety.

20

3.      Given the blatant deficiencies in its infringement allegations – of which Counterclaim Defendant was well aware before they brought this suit – it can only be concluded that Counterclaim Defendant brought this sham litigation for the sole purpose of intimidating and interfering with Sherman Corp.'s business.

## PARTIES

4.      Sherman Corp. is a New York corporation with its principal place of business located at 141 Eileen Way, Syosset, NY 11791.

5.      Sherman LLC is a New York limited liability with its principal place of business located at 141 Eileen Way, Syosset, NY 11791.

6.      Upon information and belief, Counterclaim Defendant is a New York corporation with a principal place of business located at 2258 84th Street, 3rd Floor, Brooklyn, NY 11214.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      An actual and justiciable controversy has arisen and now exists between Counterclaim Plaintiffs and Counterclaim Defendant because, among other reasons, Counterclaim Defendant has filed the above-captioned case against Counterclaim Plaintiffs, among the other defendants, in this District alleging, *inter alia*, infringement of the D'877 patent.

9.      This Court has personal jurisdiction over Counterclaim Defendant in that, *inter alia*, Counterclaim Defendant voluntarily filed, in this District, the Complaint giving rise to these Counterclaims and continues to maintain this action against Counterclaim Plaintiffs, among the other named defendants, and because, upon information and belief, Counterclaim Defendant does business in this District.

10.     Counterclaim Defendant has consented to venue in this Court by filing its claims in this Court, in response to which these Counterclaims are asserted.

## COUNT I

**(Declaration that the Sherman Tool does not Infringe the D'877 Patent)**

11.     Paragraphs 1 through 10 of the Counterclaims are repeated and realleged as if fully set forth herein.

12.     Sherman Corp., doing business through The WowLine and www.wowline.com, is an online retailer that sells in bulk a broad range of products, including, but not limited to, office, art, party, kitchen, and pet supplies.

13.     One of the products Sherman Corp. offers for sale is an 18-in-1 Credit Card Sized Tool (the "Sherman Tool") that is described as follows: "This 18-in-1 multi-purpose (stainless steel) card tool fits in your wallet with credit cards and measures at 3 11/16" x 2 1/2".  It can be used for: repairs, mechanics, measuring, outdoor needs, camping, boating and more…"

14.     Below is a screenshot depicting the Sherman Tool:



15.     Sherman Corp. has not infringed, and is not infringing, directly, indirectly, contributorily, by inducement, or in any other matter any valid, enforceable claim of the D'877 patent, either literally or under the doctrine of equivalents.

16.     Even if the D'877 patent is valid and enforceable, which it is not, the Sherman Tool substantially differs from the WALLET NINJA because, *inter alia*, the Sherman Tool contains numerous differences in its design from the WALLET NINJA.  For example, the orientation, positioning, and design of the functional features of the Sherman Tool substantially differ in material respects from the WALLET NINJA such that an ordinary observer would not confuse the two.

17.     Absent a declaration of non-infringement, Counterclaim Defendant will continue to wrongfully assert the D'877 patent against Sherman Corp, and the other named defendants, and thereby cause Sherman Corp. irreparable injury and damage.

18.     As such, Sherman Corp. is entitled to a judicial declaration that Sherman Corp.'s sale of the Sherman Tool has not infringement and does not infringe any valid and enforceable claim of the D'877 patent.

## COUNT II

### (Declaration that the D'877 Patent is Invalid)

19.     Paragraphs 1 through 18 of the Counterclaims are repeated and realleged as if fully set forth herein.

20.     The D'877 patent is invalid for failing to meet one or more of the statutory and decisional requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, and 103.

21.     Without limitation, the prior art referenced in Count III renders the "ornamental design for a wallet card multi tool" invalid as anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103, pursuant to the allegations set forth hereafter under Count III, which are incorporated in toto in this Count II in toto.

22.     Absent a declaration of invalidity, Counterclaim Defendant will continue to wrongfully assert the D'877 patent against Sherman Corp., and the other named defendants, and thereby cause Sherman Corp. irreparable injury and damage.

23.     As such, Sherman Corp. is entitled to a judicial declaration that the D'877 patent is invalid.

## COUNT III

### (Declaration that the D'877 Patent is Unenforceable due to Inequitable Conduct)

24.     Paragraphs 1 through 23 of the Counterclaims are repeated and realleged as if fully set forth herein.

24

25.     If Counterclaim Defendant's baseless infringement allegations against

Counterclaim Plaintiffs, and the other named defendants, are accepted – or even if the

interpretation of the claims Counterclaim Defendant rely on is within the broadest reasonable

construction of the claims – then the D'877 patent is unenforceable due to inequitable conduct.

26.     During prosecution of the D'877 patent, the applicant and purported inventor of

the WALLET NINJA, Alex Shlaferman, and any and all others assisting Mr. Schlaferman in

such patent prosecution, including attorneys and agents (collectively, "Mr. Schlaferman"), upon

information and belief, engaged in a troubling pattern of withholding relevant information in an

effort to deceive the USPTO into issuing claims covering designs already in existence.

27.     The basis for this information and belief is that there was, at least as of November

5, 2011, a design that is identical in certain respects to the design covered by the D'877 patent

(the "Prior Design").  Video of this design is available at https://www.youtube.com/watch?

v=BHE9Hjck6Oo, and has been viewed over 11,000 times.

28.     The Prior Design pre-dates the D'877 patent by two years.

29.     Mr. Schlaferman was aware of and used the design in the referenced YouTube

Video (i.e., the Prior Design) for multiple aspects of the WALLET NINJA, the product upon

which Counterclaim Defendant rests its Complaint.

30.     The basis for this allegation is that the D'877 patent is titled, "Wallet Card Multi

Tool", while the Prior Design in the referenced YouTube video is referred to as "Credit card

multi tool".  The D'877 patent simply swaps "Credit" for "Wallet", but otherwise keeps the same

name as the Prior Design in the D'877 application.

31.     Additionally, this allegation is based on the D'877 copying substantial portions of

the Prior Design, including, but not limited to, the outline of the credit-card sized multi-tool, the

screwdriver, and other aspects of the D'877 patent that Mr. Schlaferman presented to the USPTO as unique, new, or otherwise worthy of patent protection.

32.     Furthermore, this allegation is based on the number of times the Prior Design was viewed in the referenced YouTube video.

33.     The Prior Design was intentionally withheld from the USPTO.

34.     Upon information and belief, there is other prior art that Mr. Schlaferman failed to disclose, but was aware of during prosecution of the D'877 patent application.

35.     Mr. Schlaferman's knowing withholding of prior art references, while distinguishing the prior art on bases contradicted by those very references, shows Mr. Schlaferman's specific intent to deceive the USPTO into issues the D'877 patent on designs that he was no the first to invent or design.  This lack of candor and good faith before the USPTO constitutes inequitable conduct, rendering the D'877 patent invalid and unenforceable.

36.     Absent a declaration of unenforceability, Counterclaim Defendant will constitute to wrongfully assert that D'877 patent against Sherman Corp., and the other named defendants, and thereby cause Sherman Corp. irreparable injury and damage.

37.     As such, Sherman Corp. is entitled to a judicial declaration that the D'877 patent is invalid and unenforceable as a result of inequitable conduct.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Defendants seeks the following relief:

A.     That the Court enter judgment for Defendants against Plaintiff on its Complaint against Defendants;

B.     That Plaintiff take nothing by its Complaint against Defendants;

C.     That the Court dismiss each of Plaintiff's claims against Defendants with prejudice;

D.     That the Court declare that Defendants do not and have not infringed any valid, enforceable claim of the D'877 patent;

E.     That the Court declare that the D'877 patent is invalid;

F.     That the Court declare that the D'877 patent is unenforceable;

G.     That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiff's conduct commencing and pursuing their claims of patent infringement be found to render this an exceptional case and that Defendants be awarded their attorneys' fees incurred in connection with this action;

H.     That the Court award Defendants their costs of suit; and

I.     That Defendants be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs demand a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), on all Counterclaims and as to all issues that may be tried by a jury.


Date:   August 30, 2019
        Woodbury, NY

Respectfully submitted,

**MOHEN COOPER LLC**

*Attorneys for Defendants, Nancy J. Krosser,*
*Adam J. Krosser, Sherman Specialty Inc.,*
*d/b/a The WowLine, and Sherman Specialty LLC*


By:   */s/ Andrew Cooper*
        Andrew Cooper (AC6512)
        Kenneth S. Kast (KK9354)
        500 North Broadway, Suite 133
        Jericho, NY 11753
        T: (516) 280-8600
        F: (212) 485-1537

## AFFIRMATION OF SERVICE

Kenneth S. Kast, an attorney duly admitted to practice before this court, hereby affirms

that, on August 30, 2019, the foregoing Defendants' Answer with Counterclaims in this action

was caused to be served by me via electronic filing and regular mail upon the attorneys for the

Plaintiff designated at the following addresses:

Richard Gearhart, Esq.
Sergei Orel, Esq.
GEARHART LAW, LLC
41 River Road
Summit, NJ 07901
(908) 273-0700

*Attorneys for Plaintiff Dynamite Marketing, Inc.*

Dated:   August 30, 2019
           Woodbury, NY

_/s/ Kenneth S. Kast_
Kenneth S. Kast (KK9354)

29