Michael Cukor, Esq.
**McGeary Cukor LLC**
7 Dumont Place
Morristown, New Jersey 07960
(973) 339-7367
(973) 200-4845 Fax
*Attorneys for Plaintiff*
*Dynamite Marketing, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYNAMITE MARKETING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE WOWLINE INC., SHERMAN SPECIALTY, INC., SHERMAN SPECIALTY LLC, WWW.SUPERIORPROMOS.COM, WWW.USIMPRINTS.COM, WWW.4ALLPROMOS.CO, UNKNOWN WEBSITES 1-10, VARIOUS JOHN DOES 1-10, and UNKNOWN ENTITIES 1-10, <br><br> Defendants. | **CIVIL ACTION** <br><br> 2:19-cv-03067-GRB-LGD <br><br> **PLAINTIFF'S RESPONSES TO LAERIK COOPER'S FIRST SET OF ADMISSION REQUESTS** |

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Dynamite Marketing, Inc. (the "Plaintiff"),

hereby objects and responds to LaErik Cooper's First Request for Admissions.

**GENERAL OBJECTIONS**

Plaintiff makes the following general responses and objections ("General Objections") to

each definition, instruction, and admission request propounded in LAERIK COOPER'S FIRST

REQUEST FOR ADMISSIONS. These General Objections are hereby incorporated into each

specific response. The assertion of the same, similar or additional objections or partial responses to individual admission requests does not waive any of Plaintiff's General Objections.

The responses set forth below are made on behalf of Dynamite Marketing, Inc. Plaintiff objects to any use of any information in this response or any common knowledge as either an admission, inference, or implication that the actions of the entity is controlled by, governed by, or acquiesced to by the other.

Plaintiff has not concluded its investigation of the facts relating to this case or completed formal discovery or preparation for trial. Accordingly, there may exist information and documents responsive to LaErik Cooper's current admission requests that Plaintiff does not yet have knowledge of or have not yet located, identified, or reviewed. All of the following responses are therefore based only on such information and documents that are currently known or available to Plaintiff after a reasonable inquiry. Upon further investigation, Plaintiff reserves the right to alter, amend, or supplement certain facts or information set forth in the following responses.

Plaintiff reserves the right to provide information of any subsequently discovered fact or facts, to alter or amend its objections and responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. Plaintiff objects to each and every request to the extent it purports to limit or restrict its right to rely upon any information or document for any purpose whatsoever, including, but not limited to, the use of information or responsive documents as evidence at any subsequent hearing, trial, or proceeding.

Nothing contained in any response to any admission request shall be construed as an admission by Plaintiff relative to the existence or nonexistence of any information or documents,

and no such responses shall be construed as an admission respecting relevance or admissibility of any information or document or the truth or accuracy of any statement or characterization contained in any request.

Plaintiff will make reasonable efforts to respond to each admission request to the extent that no objection is made and as Plaintiff understands and interprets the admission request. If Plaintiff subsequently asserts any interpretation of any admission request that differs from Plaintiff's interpretation, Plaintiff reserves the right to supplement its objections and responses.

Plaintiff objects to each definition, instruction, and admission request propounded by LaErik Cooper's admission requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Plaintiff objects to each definition, instruction, and admission request propounded by LaErik Cooper's admission requests to the extent they purport to place duties upon Plaintiff not set forth in or contemplated by the Federal Rules of Civil Procedure or the Local Rules of the United Stated District Court for the Eastern District of New York (collectively referred to as the "Rules").

Plaintiff objects to each definition, instruction, and admission request propounded by LaErik Cooper's admission requests to the extent they reference people not related to this litigation.

Plaintiff objects to each definition, instruction, and admission request propounded by LaErik Cooper's admission requests to the extent they request production of proprietary and confidential documents in the absence of a protective order.

Plaintiff objects to each definition, instruction, and admission request propounded by LaErik Cooper's admission requests to the extent they are overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFINITIONS

## INSTRUCTIONS

To the extent not previously stated, Plaintiff objects to Defendants' instructions 1-16 to the extent they purport to place duties upon Plaintiff not set forth in or contemplated by the Rules.

**ADMISSION REQUEST NO. 1:**

Admit that Schlaferman is not the sole Inventor of the Claimed Invention.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, RFA 1 is DENIED.

**ADMISSION REQUEST NO. 2:**

Admit that Schlaferman is a Joint Inventor or Coinventor of the Claimed Invention.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Schaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff ADMITS that Alex Shlaferman is an inventor of the Claimed Invention, and DENIES that the Patent-in-Suit names any other inventors.  Plaintiff denies the remainder of this request.

**ADMISSION REQUEST NO. 3:**

Admit that Schlaferman is not an Inventor, a Joint Inventor, or Coinventor of the Claimed

Invention.

RESPONSE:

DENIED

**ADMISSION REQUEST NO. 4:**

Admit that Schlaferman is not the sole Inventor of the Patent-in-Suit.

RESPONSE: OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex

Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection,

RFA 4 is DENIED.

**ADMISSION REQUEST NO. 5:**

Admit that Schlaferman is a Joint Inventor or Coinventor of the Patent-in-Suit.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole

named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff ADMITS that

Alex Shlaferman is an inventor of the Patent-in-Suit, and DENIES that the Patent-in-Suit names

any other inventors. Plaintiff denies the remainder of this request.

**ADMISSION REQUEST NO. 6:**

Admit that Schlaferman is not an Inventor, a Joint Inventor, or Coinventor of the Patent-in-Suit.

RESPONSE:

DENIED

**ADMISSION REQUEST NO. 7:**

Admit that there are no written documents executed by Cooper assigning any rights in the Claimed Invention to Schalferman.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 8:**

Admit that there are no written documents executed by Cooper assigning any rights in the Claimed Invention to Vante.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 9:**

Admit that there are no written documents executed by Cooper assigning any rights in in the Claimed Invention to Dynamite.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 10:**

Admit that there are no written documents executed by Cooper assigning any rights in the Patent-in-Suit to Schlaferman.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 11:**

Admit that there are no written documents executed by Cooper assigning any rights in the Patent-in-Suit to Vante.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and

Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 12:**

Admit that there are no written documents executed by Cooper assigning any rights in the Patent-in-Suit to Dynamite.

RESPONSE:

Plaintiff admits that there are no executed documents titled "assignment" between Cooper and Shlaferman/Vante/Dynamite but the totality of the communications between Cooper and Shlaferman and/or Vante show that the understanding between the parties was that Shlaferman and/or Vante would own all work performed by 4DII for Vante.  Accordingly, Plaintiff denies this request for admission.

**ADMISSION REQUEST NO. 13:**

Admit that Cooper is the sole Inventor of the Claimed Invention.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff DENIES RFA 13.

**ADMISSION REQUEST NO. 14:**

Admit that Cooper is a Joint Inventor or Coinventor of the Claimed Invention.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff DENIES RFA 14.

**ADMISSION REQUEST NO. 15:**

Admit that Cooper is the sole Inventor of the Patent-in-Suit.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff DENIES RFA 15.

**ADMISSION REQUEST NO. 16:**

Admit that Cooper is a Joint Inventor or Coinventor of the Claimed Invention.

RESPONSE:

OBJECTION: This RFA is ambiguous. As of the date of this RFA, Alex Shlaferman is the sole named inventor on the Patent-in-Suit. Subject to the foregoing objection, Plaintiff DENIES RFA 16.

Dated: August 12, 2022

Plaintiff's Counsel as to objections,
**MCGEARY CUKOR, LLC**
Attorney for Plaintiff,
Dynamite Marketing, Inc,
By:     /s/ *Michael Cukor*
Michael Cukor

7 Dumont Place
Morristown, NJ 07960
T: (973) 339-7367
F: (973) 200-4845

## **<u>AFFIRMATION OF SERVICE</u>**

Michael Cukor, an attorney duly admitted to practice before this court, hereby affirms that, on August 12, 2022, the foregoing **PLAINTIFF'S RESPONSES TO COOPER'S FIRST RFAs** was caused to be served by me upon the attorney for the Defendants via email designated at the following address:

Jon.Gibbs@lowndes-law.com

jpdonohuejr@comcast.net

acooper@frblaw.com

Dated: August 12, 2022

*Attorney for Plaintiff Dynamite Marketing, Inc.*

***<u>/s/ Michael Cukor</u>***

Michael Cukor